UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6981 CAS (SHx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | ALIREZA SAMII v. JONATHAN SCHARFEN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present      Jessica Cheh

**Proceedings:**    **FEDERAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** (filed 01/29/09)

**I.      INTRODUCTION & BACKGROUND**

On October 22, 2008, plaintiff Alireza Samii, appearing pro se, filed the instant complaint "for writ in the nature of mandamus & declaratory Judgment" against defendants Jonathan Scharfen,[1] Director of U.S. Citizenship; Jane Arellano, District 23 Director of U.S. Citizenship and Immigration Services; and David M. Douglas, Los Angeles Filed Office Director District 23 U.S. Citizenship and Immigration Services. Plaintiff seeks an order (a) requiring defendants to properly adjudicate his I-751 Petition to Remove the Conditions on Residence; (b) requiring defendants to provide him with a detailed notice of the decision; and (c) awarding him reasonable attorneys' fees in the event that he requires the services of an attorney.  Compl. ¶¶ 17.

On November 26, 2008, the United States Citizenship and Immigration Services issued a final, five-page decision denying plaintiff's I-751 Petition to Remove the Conditions on Residence.  Cheh Decl. ¶ 3, Ex. A.

On January 29, 2009, defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  The Court has not received an opposition from plaintiff.  A hearing was held on February 23, 2009.  After carefully considering the parties'

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Acting Deputy Director of the United States Citizenship and Immigration Services Michael Aytes is substituted for Jonathan Scharfen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6981 CAS (SHx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | ALIREZA SAMII v. JONATHAN SCHARFEN; ET AL. | | |

arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**III.   DISCUSSION**

Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (internal citations omitted). "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6981 CAS (SHx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | ALIREZA SAMII v. JONATHAN SCHARFEN; ET AL. | | |

The Court concludes that defendants' motion should be granted. Plaintiff has already received the relief that he requested – his I-751 Petition to Remove the Conditions on Residence was adjudicated on November 26, 2008. Cheh Decl. ¶ 3, Ex. A. Therefore, there is no longer an actual or live controversy and plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Foster, 347 F.3d at 745.

**IV.  CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |